IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SIMON NEWMAN,

    Plaintiff,

v.                                          Civil Action No. 5:06CV63
                                                    (STAMP)

AL HAYNES, K.M. WHITE,
HARRELL WATTS,
USP-HAZELTON AND STAFF
and HARLEY LAPPIN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On May 24, 2006, the plaintiff, Simon Newman, appearing pro se,[1] filed a civil rights complaint, a motion to proceed in forma pauperis, an executed consent to collection of fees form and a prisoner trust account report. That same day, the Clerk's Office sent the plaintiff a deficiency notice advising him that this Court could not process his request to proceed in forma pauperis until such time as he filed ledger sheets for his inmate account showing all the transactions in that account for the six-month period preceding the filing of this action. The notice also advised the plaintiff that the failure to file the ledger sheets within thirty days would result in the dismissal of his complaint.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

The Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to Local Rule of Prisoner Litigation Procedure 83.09, to recommend disposition of this matter. On November 24, 2006, the magistrate judge issued a show cause order because the plaintiff had failed to comply with the deficiency notice. Plaintiff was given ten days to show cause why his complaint should not be dismissed. On May 9, 2007, the magistrate judge entered a report recommending that the plaintiff's complaint be dismissed without prejudice for the failure to prosecute his case unless the Court hears to the contrary within ten days from the date of the magistrate judge's order. To date, no objections have been filed. However, on May 24, 2007, the plaintiff filed a letter requesting a print out of his three civil actions, including this action, so that he may see "what activities, if any, have happened on these said Civil Dockets." (Pl.'s Letter, May 24, 2007.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation

for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

The magistrate judge found that as of the date of his opinion, the plaintiff had not filed the requested form, had not filed a motion to extend time to do so or otherwise explained his reasons for noncompliance. After a review of the pleadings in this action, this Court finds that the plaintiff still has not filed the requested forms, has not filed a motion to extend to do so or otherwise explained his reasons for noncompliance. While the plaintiff has filed a letter requesting a print out of his docket activity after the magistrate judge filed his report and recommendation, the letter does not explain his failure to prosecute this action or request any extension of time. See Rule 41(b). Accordingly, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous because the plaintiff has failed to prosecute his case.

## III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE for the failure to prosecute this case

and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in the waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and counsel of record herein.

DATED: August 13, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE